1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CROSSAN D. HOOVER, JR.,                 No.  2:17-cv-2152 DB P

12                    Petitioner,

13          v.                                ORDER AND FINDINGS AND
                                              RECOMMENDTIONS
14    ERIC ARNOLD, Warden,

15                    Respondent.

16

17          Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas

18    corpus pursuant to 28 U.S.C. § 2254.  Petitioner claims he is entitled to relief based on the Board

19    of Parole Hearings ("BPH") decision to deny him parole at his 2015 hearing.  Presently before the

20    court is petitioner's motion to proceed in forma pauperis (ECF No. 16), his motion to appoint

21    counsel (ECF No. 13) and his petition for screening (ECF No. 1).  Upon careful consideration of

22    the record and the applicable law, for the reasons set forth below the undersigned will recommend

23    denial of petitioner's application for habeas corpus relief.

24                                  **BACKGROUND**

25          Petitioner initiated this action by filing a petition in the Northern District of California.

26    The action was transferred to this district because petitioner is challenging a parole denial he

27    received in 2015 while at Solano State Prison.

28    ////

                                         1

1    Petitioner alleges he was sentenced to twenty-five years-to-life, plus one year for first

2    degree murder with a deadly weapon in November 1984.  Petitioner was 17 years old at the time

3    of the crime.  He claims he is entitled to relief because at his October 6, 2015 parole hearing the

4    commissioners refused to set his base term and adjusted base term as required by In re Butler, 224

5    Cal.App.4th 469 (2014).

6                                        **IN FORMA PAUPERIS**

7    Petitioner filed a motion to proceed in forma pauperis, however petitioner also filed notice

8    indicating he paid the filing fee when his case was filed in the Northern District.  (ECF No. 15.)

9    Accordingly, the court will deny as moot petitioner's motion to proceed in forma pauperis.

10                                             **SCREENING**

11   **I.    Legal Standards**

12   The court is required to screen all actions brought by prisoners who seek any form of

13   relief, including habeas relief, from a governmental entity or officer or employee of a

14   governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a habeas petition or portion

15   thereof if the prisoner raises claims that are legally "frivolous or malicious" or fail to state a basis

16   on which habeas relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).  This means the court must

17   dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that

18   the petitioner is not entitled to relief[.]"  Rule 4 Governing Section 2254 Cases.

19   Rule 11 of the Rules Governing Section 2254 Cases provides that "[t]he Federal Rules of

20   Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these

21   rules, may be applied to a proceeding under these rules."  Drawing on the Federal Rules of Civil

22   Procedure, when considering whether a petition presents a claim upon which habeas relief can be

23   granted, the court must accept the allegations in the petition as true, Erickson v. Pardus, 551 U.S.

24   89, 94 (2007), and construe the petition in the light most favorable to the petitioner, see Scheuer

25   v. Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than

26   those drafted by lawyers, Haines v. Kerner, 404 U.S. 519, 520 (1972), but "[i]t is well-settled that

27   '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant

28   habeas relief.'"  Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24

F.3d 20, 26 (9th Cir. 1994)).  See also Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel."); Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("[T]he petitioner is not entitled to the benefit of every conceivable doubt; the court is obligated to draw only reasonable factual inferences in the petitioner's favor.")

Rule 2(c) of the Rules Governing § 2254 Cases requires every habeas petition to (1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; and (3) state the relief requested.  Although, as stated above, pro se petitions receive less scrutiny for precision that those drafted by lawyers, a petitioner must give fair notice of his claims by stating the factual and legal elements of each claim in short, plain, and succinct manner.  See Mayle v. Felix, 545 U.S. 644, 648 (2005) ("In ordinary civil proceedings . . . Rule 8 of the Federal Rules of Civil Procedure requires only 'a short and plain statement[.] . . . Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement.")  Allegations in a petition that are vague, conclusory, or palpably incredible, and that are unsupported by a statement of specific facts, are insufficient to warrant relief and are subject to summary dismissal.  Jones, 66 F.3d at 204-05; James, 24 F.3d at 26.

## II.    Arguments in the Petition

Petitioner's claim for relief is based on the decision of the BPH to deny him parole at his October 6, 2015 hearing.  He alleges the BPH commissioners who conducted his hearing violated his rights by failing to calculate his base term and adjusted base term, failing to give appropriate weight to his status as a youth offender under Senate Bill 260,[1] and that his continued confinement has resulted in a sentence that is excessive in violation of the Eighth Amendment.

## III.    Analysis

In 2011, the United States Supreme Court overruled a line of Ninth Circuit precedent that had supported habeas review in California cases involving denials of parole by the BPH and/or

---

[1] Senate Bill 260, codified as California Penal Code § 3051, established a parole eligibility mechanism for offenders under the age of 18 years at the time of the controlling offense and who have certain sentences.  See generally 2013 Cal. Legis. Ch. 312 (S.B. 260) (West); Cal. Pen. Code § 3051.

3

the governor.  See Swarthout v. Cooke, 562 U.S. 216 (2011).  The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions.  Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided.  Id. at 220-21.  The inquiry is limited to whether the prisoner was given the opportunity to be heard and received a statement of reasons why parole was denied.  Id. at 221; Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 16 (1979).

Accordingly, petitioner is not entitled to habeas relief unless the BPH failed to provide him with an opportunity to be heard or a statement of reasons for the denial.  While petitioner only asserted one ground for relief, he makes several distinct arguments in the petition and the court will address each in turn.

### A.     Failure to Set Base Term and Adjusted Base Term

Petitioner argues he is entitled to relief because the BPH commissioners failed to set a base term and an adjusted base term during his 2015 hearing.  Petitioner also argues that under In re Butler the commissioners were required to give him a parole date.

The case of In re Butler was actually two cases, one dealing with Butler's suitability for parole, formerly published at 224 Cal. App. 4th 469 (2014) and ordered depublished, now appearing at 169 Cal. Rptr. 3d 1, and a separate lawsuit, In re Bulter, 236 Cal.App.4th 1222 (2015).  The settlement in the latter case requires the BPH to fix the base and adjusted base terms of the class at the outset of the parole process.  In re Butler, 236 Cal. App. 4th at 1244.  The calculating of the base and adjusted base terms at the outset of the sentence was viewed as assisting the courts in determining whether an indeterminate sentence was becoming, or was in fact excessive.  In re Butler, 236 Cal. App. 4th at 1242-43.[2]

---

[2] California's parole scheme contemplates that a prisoner sentenced to a term of years to life must be found suitable for parole before a parole date can be set.  Criteria for determining whether a prisoner is suitable for parole are set forth in California Penal Code § 3041(b) and related regulations.  See Cal. Code Regs. tit. 15, § 2402.  If, pursuant to the judgment of the panel, a

4

1    This calculation might have potential to discourage the BPH from unduly denying parole

2    suitability, but the case did not mandate parole suitability findings in a prisoner's favor at any

3    particular time. Id. Thus, the calculation of a base and/or an adjusted base term in petitioner's

4    case would have only a speculative effect on whether petitioner would be granted parole before

5    the expiration of his life term. Regardless, speculative or not, In re Butler deals with only state

6    administrative law, i.e., procedures to be followed by the BPH.

7        In Swarthout, the Supreme Court acknowledged that Ninth Circuit's determination that

8    California law governing parole creates a cognizable liberty interest for purposes of analyzing a

9    due process claim is a "reasonable application of [Supreme Court] cases," but the Court

10   emphasized that any such liberty interest is "a *state* interest created by California law." 562 U.S.

11   at 219-20 (emphasis in original). Federal due process protection for such a state-created liberty

12   interest is "minimal," the determination being whether "the minimum procedures adequate for

13   due-process protection of that interest" have been met. (Id. at 221; Greenholtz, 442 U.S. at 16.)

14        The inquiry is limited to whether the prisoner was given the opportunity to be heard and

15   received a statement of the reasons why parole was denied. Swarthout, 562 U.S. at 221; Miller v.

16   Oregon Bd. of Parole and Post-Prison Supervision, 642 F.3d 711, 716 (9th Cir. 2011) ("The

17   Supreme Court held in Swarthout that in the context of parole eligibility decisions the due process

18   right is procedural, and entitles a prisoner to nothing more than a fair hearing and a statement of

19   reasons for a parole board's decision."). This procedural inquiry is "the beginning and the end

20   of" a federal habeas court's analysis of whether due process has been violated when a state

21   prisoner is denied parole. Swarthout, 562 U.S. at 220. The Ninth Circuit has acknowledged that

22   after Swarthout, substantive challenges to parole decisions are not cognizable in habeas. Roberts

23   v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011).

24        As set forth in Swarthout, the federal due process protections do not include adherence to

25   California procedures. Challenges to the BPH's enactment of state laws and procedures must be

26   presented in state court. Petitioner presented his claims in state court, but his challenges were

27

28   prisoner will pose an unreasonable danger to society if released, he must be found unsuitable and
     denied a parole date. Cal. Code Regs. tit. 15, § 2402(a).

1   denied.  (See ECF Nos. 1-13, 1-16.)  This court cannot overrule state court decisions or find that

2   California courts incorrectly interpreted state law.

3           Petitioner's claim that the BPH failed to set his base term as required by Butler raises an

4   issue of state law only.  As set forth in Swarthout, the federal due process protections do not

5   include adherence to California procedures.  The Supreme Court stated, "we have long

6   recognized that 'a "mere error of state law" is not a denial of due process.'"  Swarthout, 562 U.S.

7   at 222 (citations omitted).

8           Petitioner additionally argues that the BPH commissioners violated his rights by failing to

9   set a release date under In re Bulter.  However, "[t]here is no right under the Federal Constitution

10  to be conditionally released before the expiration of a valid sentence, and the States are under no

11  duty to offer parole to their prisoners."  Id. at 220 (internal citation omitted).

12          Accordingly, petitioner has not shown he is entitled to relief based on the BPH

13  commissioners' failure to comply with the requirements of In re Butler.

14          **B.      Petitioner Disagrees with BPH Commissioners' Decision**

15          Petitioner alleges that the commissioners erred because they did not give full weight to his

16  status as a youth offender under Senate Bill 260.

17          As discussed above, the Supreme Court held in Swarthout that federal courts may not

18  intervene in parole decisions as long as minimum procedural protections are provided.  Id. at 220-

19  21.  The inquiry is limited to whether the prisoner was given the opportunity to be heard and

20  received a statement of the reasons why parole was denied.  Id. at 221.  In other words, Swarthout

21  foreclosed claims alleging that findings of parole suitability were not supported by sufficient

22  evidence.

23          The transcript from petitioner's 2015 suitability hearing attached to the petition

24  demonstrates that petitioner received the minimal procedural protections required, i.e., an

25  opportunity to be heard (ECF No. 1-1 at 113-114) and a statement of reasons why parole was

26  denied (ECF No. 1-1 at 119-125).  Accordingly, petitioner's disagreement with the decision, even

27  if erroneous under state law, does not entitle him to federal habeas relief.  Estelle v. McGuire, 502

28  U.S. 62, 67 (1991) ("Federal habeas corpus relief does not lie for errors in state law.").  This court

is bound by California's interpretation of its own laws.  See McSherry v. Block, 880 F.2d 1049, 1052 (9th Cir. 1989).  Petitioner has not shown he is entitled to relief based on his disagreement with the decision of the BPH commissioners because the alleged violation is an error of state law that does not amount to a constitutional violation.

### C.    Length of Sentence under the Eighth Amendment

Petitioner also argues that BPH's failure to find him suitable for parole has resulted in a sentence that is excessive in violation of the Eighth Amendment.

A criminal sentence that is "grossly disproportionate" to the crime for which a defendant is convicted may violate the Eighth Amendment.  Lockyer v. Andrade, 538 U.S. 63, 72 (2003); Rummel v. Estelle, 445 U.S. 263, 271 (1980).  However, outside of the capital punishment context, the Eighth Amendment prohibits only sentences that are extreme and grossly disproportionate to the crime.  United States v. Bland, 961 F.2d 123, 129 (9th Cir. 1992) (quoting Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)).  Such instances are "exceedingly rare" and occur only in "extreme" cases.  Lockyer, 538 U.S. at 73; Rummel, 445 U.S. at 272.  "A punishment within legislatively mandated guidelines is presumptively valid. 'Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds.'"  United States v. Mejia-Mesa, 153 F.3d 925, 930 (9th Cir. 1998) (quoting United States v. McDoughtery, 920 F.2d 569, 576 (9th Cir. 1990)).

The United States Supreme Court has held that a life sentence is constitutional, even for a non-violent crime.  See Rummel, 445 U.S. at 265-66 (upholding a life sentence with the possibility of parole, imposed under a Texas recidivist statute, for a defendant convicted of obtaining $120.75 by false pretenses, an offense normally punishable by imprisonment for two to ten years); see also Harmelin, 501 U.S. at 961, 994-96 (upholding a sentence of life without the possibility of parole for a defendant convicted of possessing more than 650 grams of cocaine, although it was a first felony offense).  While a sentence of life without the possibility of parole for a crime committed when the defendant was a minor has been found to be excessive under the Eighth Amendment, a similar finding has not been made for a life sentence with the possibility of parole, such as petitioner's.  Miller v. Alabama, 567 U.S. 460 (2012) (holding mandatory life

imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments).

Further, a life sentence with the possibility of parole for a first-degree murder such as that committed by petitioner does not constitute cruel and unusual punishment under the Eighth Amendment. See Plascencia v. Alameida, 467 F.3d 1190, 1204 (9th Cir. 2006) (holding that a sentence of fifty years to life for murder with use of a firearm is not grossly disproportionate); People of Territory of Guam v. Sablan, 584 F.2d 340, 341 (9th Cir. 1978) (upholding a life sentence for first degree felony murder); United States v. LaFleur, 971 F.2d 200, 211 (9th Cir. 1991) (upholding life imprisonment for first degree murder).

Accordingly, petitioner is not entitled to relief because he cannot show that his sentence is excessive in violation of the Eighth Amendment.

## MOTION TO APPOINT COUNSEL

Petitioner moved for the appointment of counsel. (ECF No. 13.) Petitioner argues that he is representing himself, is a layman of the law, and would be overwhelmed by the proceedings.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Summer, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of a habeas proceeding "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases.

In the present case, the court does not find that petitioner is entitled to relief on his claim. Therefore, the court does not find that the interests of justice would be served the appointment of counsel. Petitioner's request will be denied.

## CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 16) is denied as moot;

2. Petitioner's motion for the appointment of counsel (ECF No. 13) is denied;

3. The Clerk of the Court is directed to randomly assign a district judge to this case.

////

////

8

1       IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus (ECF No.

2 1) be denied.

3       These findings and recommendations will be submitted to the United States District Judge

4 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days

5 after being served with these findings and recommendations, petitioner may file written

6 objections with the court. The document should be captioned "Objections to Magistrate Judge's

7 Findings and Recommendations." Petitioner is advised that failure to file objections within the

8 specified time may result in waiver of the right to appeal the district court's order. Martinez v.

9 Ylst, 951 F.2d 1153 (9th Cir. 1991).

10 Dated: August 27, 2018

11

12

13       DEBORAH BARNES
      UNITED STATES MAGISTRATE JUDGE

14

15

16 DLB:12
DB1/Orders/Prisoner-Habeas/hoov2152.110+scrn

17

18

19

20

21

22

23

24

25

26

27

28